DISCIPLINARY COUNSEL *v.* LAPE.

[Cite as *Disciplinary Counsel v. Lape*, 135 Ohio St.3d 1302,

2013-Ohio-1533.]

(No. 2011-1024—Submitted April 12, 2013—Decided April 18, 2013.)

ON ORDER TO SHOW CAUSE.

_____

{¶ 1} On November 10, 2011, this court suspended respondent, Lynn Ann Lape, from the practice of law for a period of six months with the entire suspension stayed on conditions. Respondent was also ordered to pay costs in this matter. Respondent has not paid costs as ordered by the court. On February 15, 2013, a show-cause order was issued for failure to pay board and publication costs. Respondent did not file a response to the show cause order.

{¶ 2} Upon consideration thereof, it is ordered and adjudged by this court that respondent, Lynn Ann Lape, Attorney Registration No. 0068728, last known business address in Cincinnati, Ohio, is found in contempt for failure to comply with the court's November 10, 2011 order.

{¶ 3} It is further ordered that the previously imposed stay of the six-month suspension is revoked and that respondent is suspended from the practice of law until respondent pays all costs and accrued interest in full, has applied for reinstatement, and has been granted reinstatement by this court.

{¶ 4} It is further ordered that respondent immediately cease and desist from the practice of law in any form and that she is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

**{¶ 5}** It is further ordered that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

**{¶ 6}** It is further ordered that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

**{¶ 7}** It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order, the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of that award.

**{¶ 8}** It is further ordered that pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1) for each six months, or portion of six months, of the suspension.

**{¶ 9}** It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent complies with this and all other orders of the court, and (4) this court orders respondent reinstated.

**{¶ 10}** It is further ordered that respondent shall immediately do the following:

2

{¶ 11} 1.  Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 12} 2.  Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 13} 3.  Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in the possession or control of respondent;

{¶ 14} 4.  Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 15} 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 16} 6. File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the respondent may receive communications; and

{¶ 17} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

**{¶ 18}** It is further ordered that respondent shall keep the clerk and the disciplinary counsel advised of any change of address where respondent may receive communications.

**{¶ 19}** It is further ordered that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

**{¶ 20}** It is further ordered that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Office of Attorney Services.

**{¶ 21}** It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

_____

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____